IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES HAROLD MADISON, ) | |
| AIS #163664, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-610-TMH |
| ) | [WO] |
| ) | |
| ALA. DEPT. OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, James Harold Madison, a state inmate, complains the defendants discriminated against him due to his physical disabilities regarding health issues. The plaintiff names the Alabama Department of Corrections as a defendant in this cause of action.

Upon review of the complaint, the court concludes that the plaintiff's claims against the Alabama Department of Corrections are due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**DISCUSSION**

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his

---

[1] The court granted Madison leave to proceed *in forma pauperis*. *Order of July 16, 2010 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

bar exists whether the relief sought is legal or equitable."). Any claims lodged against the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented by Maidson against the Alabama Department of Corrections are subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Department of Corrections be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Alabama Department of Corrections be dismissed as a defendant in this cause of action.

3. This case, with respect to the allegations set forth against the remaining defendants, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before August 6, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 20th day of July, 2010.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE